UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA V., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant | Case No.:  22-cv-1617-DDL <br><br> **ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*** |

On October 19, 2022, Plaintiff Patricia V. commenced this action against Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, seeking review of the Commissioner's final adverse decision denying her application for Social Security benefits.  Dkt. No. 1.  On the same date, Plaintiff moved to proceed *in forma pauperis* ("IFP").  Dkt. No. 3.  On October 31, 2022, this Court issued an Order Directing Filing of Amended Application to Proceed *In Forma Pauperis* because the original application failed to include critical information that is necessary for the Court to assess the application.  Dkt. No. 7.  Specifically, the Court ordered Plaintiff to provide additional information regarding her employment status and transportation expenses.  *See id.*  On November 8, 2022, Plaintiff filed an amended Application to Proceed *In Forma Pauperis* ("Application").  Dkt. No. 8.

/ / /

A court may authorize the commencement of a suit without prepayment of the filing fee if the plaintiff submits an affidavit, including a statement of all his or her assets, showing he or she is unable to pay the fee.  *See* 28 U.S.C. § 1915(a).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted).  The statute does not define "what constitutes insufficient assets," but "'[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute.'"  *Id.* (citation omitted) (alteration in original).  However, a plaintiff who seeks to proceed IFP "must allege poverty 'with some particularity, definiteness and certainty.'"  *Id.* (citation omitted).

In her amended Application, Plaintiff declares that she receives $481 per month in alimony and $240 in public assistance for a total monthly income of $721.  Dkt. No. 8 at 2-3.  Plaintiff states that she is currently unemployed and has been unemployed since June 12, 2020.  *See id.* at 3, 6.  In 2020, Plaintiff and her mother jointly purchased a vehicle, a 2021 Kia Sorrento, anticipating that Plaintiff would be employed.  *See id.* at 6.  The monthly vehicle payment is $465, of which Plaintiff pays $232.50 per month.  *Id.* at 5.  Plaintiff's mother pays the other half of the vehicle payment and contributes to fuel expenses "because [Plaintiff] take[s] her to appointments."  *Id.* at 6.  Plaintiff further states that she pays $120 per month for automotive insurance and $100 per month in other transportation costs.  *Id.* at 5.  In total, Plaintiff's transportation expenses are $452.50 per month.  In terms of living expenses, Plaintiff only lists a monthly expenditure of $240 for food.  *Id.*  Plaintiff does not list housing or utility costs and explained that she "currently live[s] in [her] car when [she] can't sleep on someone's couch."  *Id.* at 6.  Finally, Plaintiff has retained an attorney whom she has agreed to pay on a contingency fee basis.  *Id.*  Plaintiff's monthly expenses total $692.50, leaving her with only $28.50 of residual income.

The civil filing fee of $402 far exceeds Plaintiff's income after factoring in her necessary living expenses, including her relatively new vehicle which she states is a source

1 | of both transportation and shelter.  Requiring Plaintiff to pay any amount of a filing fee
2 | would severely burden Plaintiff's ability to afford the basic necessities of life.  The Court
3 | finds that Plaintiff has established good cause to proceed IFP and **GRANTS** Plaintiff's
4 | Application to Proceed *In Forma Pauperis*.
5 |       **IT IS SO ORDERED.**
6 | Dated:  November 22, 2022

*[signature: David Leshner]*

Honorable David D. Leshner
United States Magistrate Judge