UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA V.,<br><br>                    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security<br><br>                    Defendant. | Case No.:  22-cv-01617-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>[DOC. NOS. 22, 24] |

## I.     INTRODUCTION

Plaintiff Patricia V. seeks review of defendant Kilolo Kijakazi, the Acting Commissioner of Social Security's, denial of disability benefits. Doc. No. 1. The parties filed Cross-Motions for Summary Judgment. Doc. Nos. 22, 24. Plaintiff elected not to file a Reply. For the reasons discussed below, the Court DENIES plaintiff's Motion for Summary Judgment and GRANTS defendant's Cross-Motion for Summary Judgment.

//

//

//

//

## II. PROCEDURAL BACKGROUND

Plaintiff applied for disability benefits and supplemental security income, claiming disability beginning June 11, 2020. AR 204-16.[1] The Social Security Administration ("SSA") denied plaintiff's claim and denied reconsideration. AR 141-46, 148-54. Plaintiff requested and obtained an Administrative Law Judge ("ALJ") hearing. AR 155-56, 176-94. Following the hearing, the ALJ issued a decision finding plaintiff not disabled. AR 7-26. The Appeals Counsel denied plaintiff's request for review and this case followed. AR 1-6; Doc. No. 1.

## III. SUMMARY OF ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since June 11, 2020. AR 12.

At step two, the ALJ found the following severe medically determinable impairments: fibromyalgia; degenerative joint disease of lumbar and cervical spine; morbid obesity; residuals of abdominal surgery; anxiety and depression. AR 13.

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled those in the SSA's Listing of Impairments. *Id.*

Before proceeding to step four, the ALJ determined plaintiff had the residual functional capacity ("RFC") to perform "light work"[2] except:

---

[1] "AR" refers to the Administrative Record lodged on February 21, 2023. Doc. No. 17. The Court's citations to the AR use the pagination on the original document rather than the page numbers designated by the case management/electronic case filing system ("CM/ECF"). For all other documents, page citations refer the CM/ECF assigned page numbers.

[2] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we

she should never climb ropes, ladders, or scaffolds; could frequently balance; could occasionally climb ramps and stairs; stoop, kneel, crouch, and crawl; should avoid concentrated exposure to extreme cold, vibration, unprotected heights, and moving dangerous machinery; is able to understand, remember and carry out simple to complex instructions and tasks; can respond appropriately to supervisors and co-workers in a task-oriented setting where contact with others is no more than occasional; and should not work in a setting which included constant/regular public contact or more than occasional handling of customer complaints.

AR 14-15.

At step four, the ALJ concluded plaintiff could not perform past relevant work. AR 20.

At step five, the ALJ accepted Vocational Expert opinion testimony and concluded "jobs . . . existed in significant numbers in the national economy that [plaintiff] could perform," including Small Parts Assembler; Electronics Worker; and Routing Clerk. AR 20-21.

## IV.   STANDARD OF REVIEW

The Court reviews the ALJ's decision to determine whether the ALJ applied the proper legal standards and whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (quotations omitted), superseded by regulation on other grounds as stated in *Thomas v. Saul*, 830 F. App'x 196, 198 (9th Cir. 2020). It is "more than a mere scintilla, but less than a

---

determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404.1567.

preponderance . . . ." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).

The Court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) (internal quotation omitted). The Court may not impose its own reasoning to affirm the ALJ's decision. *Garrison*, 759 F.3d at 1010. "[I]f evidence exists to support more than one rational interpretation, [then the Court] must defer to the [SSA]'s decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)). The Court will not reverse if any error is harmless. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("ALJ errors in social security cases are harmless if they are inconsequential to the ultimate nondisability determination and that a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ . . . could have reached a different disability determination.") (internal citations and quotations omitted).

## V. DISCUSSION

Plaintiff contends "[t]he ALJ failed to provide clear and convincing reasons in rejecting [plaintiff's statements about her] fibromyalgia pain." Doc. No. 22 at 4. The Court finds the ALJ's opinion meets the applicable standards.

Evaluating a claimant's subjective symptom testimony requires a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal quotation omitted). Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives specific, clear and convincing reasons for the rejection." *Id.* (internal quotation omitted); *see also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("[U]nless an ALJ makes a finding of malingering based on

affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each.").

### A. Plaintiff's Statements

Plaintiff is 53 years old, 5'3" tall, and 195 pounds. AR 36. She stopped working as a Spanish teacher in June 2020 when she "was laid off." AR 37. In her July 14, 2020, Function Report plaintiff reported that since becoming ill:

- She can no longer work or do chores (AR 251);

- Her ability to dress, bathe, and care for hair are limited (*Id.*);

- Her "family prepares meals [and] . . . does chores" (AR 252-53);

- She goes outside "when needed, [i.e.] doctors' [appointments]" (AR 253);

- She can go out alone but sometimes needs someone to accompany her and remind her to go places (AR 253-54);

- She can drive "when needed" (AR 253); and

- Her illness affects her ability to lift, squat, bend, stand, reach, walk, sit, kneel, stair-climb, remember, complete tasks, concentrate, understand, follow instructions, and use hands (AR 255).

At the ALJ hearing plaintiff offered the following testimony regarding how fibromyalgia pain limits her:

- "I can't stand for long periods of time . . . can't sit for long periods of time . . . my legs hurt a lot. Holding objects [like a coffee cup] becomes a challenge . . . [and] I have severe head pain" (AR 38);

- "Sometimes I can't even walk to and from the kitchen because I am in so much pain" (*Id.*);

- "I have a very stiff neck. Sometimes I can't turn out to the side. I have to put on a heating pad to ease up the pain a little bit or ice depending on what feels better . . . even . . . holding my head up sometimes is a challenge." AR 38-39.

- "I have problems with my lower back. I just had nerve injections in my lower back because I couldn't even walk . . . . [T]he pain specialist . . . said it would last maybe one or two months" (AR 39);

- "[M]y feet also hurt a lot. I have plantar fasciitis and . . . standing on my tippy toes . . . can't happen . . . the strength of my toes is weak. I can't reach up for objects on my tippy toes . . . that hurts a lot." *Id.*

- "I can't drive for long periods of time because I start to feel anxiety . . . [and] because sometimes my neck hurts [when I] need to turn . . . to see" (*Id.*);

- "[I can be on my feet] maybe an hour [before I have to sit down] (AR 40);

- "[I can sit for] about 45 minutes [to] an hour [before I have to get up or lay down]" (*Id.*);

- "[T]he most [I can lift or carry is] ten pounds." (*Id.*);

- "Sometimes I need . . . a break from the pain [so I] try . . . relaxation or . . . laying down for about two, three hours" (AR 40-41);

- "No, [I do not sleep well at night]" (AR 41);

- "[I feel fatigued, tired, and lethargic] [a]ll the time" (*Id.*);

- "[B]rain fog is really bad . . . Sometimes I lose my train of thought or I change words that I don't even know . . . sometimes people ask me questions and I forget what I'm even talking about" (AR 41-42);

- "[My boyfriend does the grocery shopping] [b]ecause I can't carry stuff . . . my vertigo also acts up with looking up [and] looking down (AR 42);

- "I have to rest before [bathing and dressing] because it's taxing on [the] body . . . I come out [of the shower] tired like if I would've ran or something" (*Id.*); and

- "I use my mother-in-law's cane sometimes" (*Id.*).[3]

The ALJ found plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." AR 15; *accord Vasquez*, 572 F.3d at 591 (finding ALJ "satisfied the first prong of the ALJ's inquiry regarding the credibility of [plaintiff's] complaints" where the "ALJ acknowledged that [plaintiff's] injuries could reasonably be expected to produce *some* of the pain and other symptoms alleged") (internal quotation omitted).

The ALJ found plaintiff's statements not fully credible because her "statements about the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record." AR 16. Specifically, the ALJ found plaintiff's "allegations of disabling limitations" caused by her physical pain were inconsistent with: (1) internal medicine consultative examiner Amy Kanner, M.D.'s clinical findings, and (2) treating medical sources' clinical findings. AR 16-17. The ALJ's reasoning is clear and convincing and supported by substantial evidence.

### B. Contradiction with Consultant Examiner's Findings

The ALJ concluded "[i]n terms of [plaintiff's] physical impairments, the clinical findings of . . . examining medical source [Dr. Kanner] failed to support [plaintiff's] allegations of disabling limitations." AR 16.

Plaintiff testified she sometimes used a cane (AR 42); cannot stand on her toes (AR 39); and had difficulty: walking short distances like "to the kitchen" (AR 38); standing or

---

[3] Plaintiff also testified about her depression, anxiety, abdominal surgery, and diabetes, but she does not allege the ALJ erred when considering this testimony. The Court, therefore, reviews only the ALJ's assessment of plaintiff's testimony regarding pain not associated with her abdominal surgery. *See Ryan Patrick A. v. Berryhill*, No. 17-cv-2526-JPR, 2019 WL 1383800, at *8 n. 10 (C.D. Cal. Mar. 27, 2019) (Unless the plaintiff argues "[an] issue with . . . specificity in his briefing, it is forfeited.") (citation and internal quotations omitted).

sitting for an hour (AR 40); lifting ten pounds (*Id.*); holding small objects (AR 38); and turning her head (AR 39). As the ALJ noted, however, Dr. Kanner observed plaintiff "get in and out of a chair without difficulty," (AR 445); have normal gait, "stand on heels and toes and perform tandem gait, . . . [and walk without requiring] an assistive device" (AR 449);  have normal range of motion in the neck and back (AR 446-47), full strength, intact range of motion, sensation, and function in all upper and lower extremities (AR 447-48); and negative straight leg raising test at 90 degrees while seated and standing (AR 447).

Dr. Kanner's findings contradict plaintiff's testimony and support the ALJ's decision to discount plaintiff's credibility. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *see also DeBerry v. Comm'r of Soc. Sec. Admin.*, 352 F. App'x 173, 177 (9th Cir. 2009) (holding the ALJ properly discounted plaintiff's fibromyalgia-related testimony where plaintiff's "allegations of disability were disproportionate to the objective findings in the medical record").

## C. Inconsistency with Treating Medical Providers' Findings

The ALJ also concluded "[t]he clinical findings of the treating physical medical sources failed to support the claimant's allegations of disabling limitations." AR 16.

As the ALJ observed, the record contains little evidence of plaintiff seeking treatment for physical pain other than that associated with her abdominal surgery. AR 17. This evidence is:

- In March 2019 plaintiff's cervical spine MRI was "unremarkable" except for mild disc protrusion and mild spondylosis in C5-6 and C6-7 (AR 16, 491);

- On March 31, 2020, she saw Puja Chitkara, M.D. complaining of increased fibromyalgia flares due to stress. AR 335. At the time she had stopped taking Gabapentin but had not started Lyrica. *Id.* The ALJ noted that Dr. Chitkara found plaintiff's constitution and level of distress to be normal (AR 16, 335);

- On April 9, 2021, plaintiff was treated at the Navarro Pain Control Group for lower back and bilateral hip pain caused by physical activity. AR 503. She was observed to be in "acute distress," and referred for digital imaging of the lumbar and follow-up office visit in one month (AR 505, 507);

- On June 8, 2021, an MRI of plaintiff's lumbar spine revealed lower lumbar facet hypertrophy; transitional anatomy with a partially lumbarized S1 vertical body; and "otherwise normal exam" (AR 490);

- On August 24, 2021, plaintiff returned to Navarro Pain Control Group. AR 508. Based on the MRI she was advised to undergo lumbar medial branch blocks (AR 512); and

- On September 2 and 16, 2021, plaintiff received lumbar medial branch blocks (AR 514-17).

There is no evidence of physical pain following these procedures.

This limited medical evidence of fibromyalgia related pain is an additional appropriate basis to discount plaintiff's subjective symptom testimony. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.")

### D. Medical Opinions Support the Credibility Finding and Disability Determination

Medical opinions support the ALJ's credibility determination. For example, state agency consultant T. Dupont M.D., also determined plaintiff could perform "light work" with postural and environmental limitations, including a limitation for only occasional balancing. AR 99-102. The ALJ concluded that Dr. Dupont's findings were "persuasive," except the ALJ concluded that Plaintiff could frequently balance. AR 18-19.

Dr. Kanner opined that Plaintiff could "lift and carry 20 pounds occasionally and 10 pounds frequently"; stand or walk for 6 hours of an 8 hour workday; sit for 6 hours of an 8 hour workday; occasionally bend or stoop; never crouch, crawl, or climb ropes, ladders, or scaffolding; should not work at heights or around dangerous machinery, and had no

manipulative, visual, or communicative limitations. AR 449-50. The ALJ largely adopted Dr. Kanner's findings except he concluded that plaintiff could crouch or crawl occasionally. AR 18.

These medical opinions are consistent with other medical evidence in the record. Plaintiff did not challenge the ALJ's assessment of them and, thus, has forfeited any argument they do not support the disability determination. *See Ryan Patrick A.*, 2019 WL 1383800, at *8 n. 10. These opinions, therefore, bolster the ALJ's credibility finding. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (medical opinions may "serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record").

### E. The Alleged Error is Harmless

Even if the ALJ erred in discounting plaintiff's credibility, any such error is harmless because Dr. Dupont and Dr. Kanner's medical opinions are substantial evidence supporting the ALJ's credibility finding and disability determination. *See Carmickle*, 533 F.3d 1155, 1162. ("So long as there remains substantial evidence supporting the ALJ's conclusion on credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion, [the error] is harmless and does not warrant reversal."). Given that the medical opinions are largely consistent with the ALJ's RFC finding, and plaintiff has made no argument the ALJ improperly weighed these opinions, the Court can "confidently conclude that no reasonable ALJ . . . could have reached a different disability determination" and, thus, any error is harmless. *Marsh*, 792 F.3d at 1173.

## VI. CONCLUSION

The ALJ found clear and specific inconsistencies and contradictions between plaintiff's testimony and the medical record and linked this evidence to plaintiff's testimony. The Court, therefore, DENIES Plaintiff's Motion for Summary Judgment (Doc.

/ /
/ /
/ /

No. 22), and GRANTS Defendant's Cross-Motion for Summary Judgment (Doc. No. 25).

The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Dated:  November 20, 2023

Hon. Karen S. Crawford
United States Magistrate Judge